# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FELTON L. MATTHEWS,                 )   3:08-CV-322-LRH (RAM)
                                    )
      Plaintiff,                    )   **REPORT AND RECOMMENDATION**
                                    )   **OF U.S. MAGISTRATE JUDGE**
vs.                                 )
                                    )
ROBERT LEGRAND, et al.,             )
                                    )
      Defendants.                   )
_____)

      This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendant Kechia English's Motion to Dismiss. (Doc. #92.)[1] Plaintiff has opposed the Motion (Doc. #96), and Defendant English has replied (Doc. #100). Also before the court is Plaintiff's "Motion for Judicial Notice of Error with Leave to Supplement Opposition to Motion to Dismiss." (Doc. #105.) Defendant English has responded (Doc. #106), and Plaintiff has replied (Doc. #112).

## I. BACKGROUND

      At all relevant times, Plaintiff Felton L. Matthews, Jr. was in custody of the Nevada Department of Corrections (NDOC) as an inmate at either the Lovelock Correctional Center (LCC) or Ely State Prison (ESP). (Pl.'s Am. Compl. 1 (Doc. #22).) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. §§ 1983, 1985. Defendants are various administrators and employees within the NDOC system; the State of Nevada; Alicia Lerud, a Deputy Attorney

---

[1] Refers to court's docket number.

General; and Kechia English, a Child Protective Services Social Worker Investigator. (*Id.* at 2-5.) On October 10, 2008, Plaintiff filed an amended complaint seeking declaratory and injunctive relief against Defendants in their individual and official capacities.

In Count I, Plaintiff claims that Defendants violated his Equal Protection and Due Process rights under the Fourteenth Amendment by transferring Plaintiff from LCC to ESP. (Pl.'s Am. Compl. 7.) Plaintiff contends that this transfer occurred because of allegations that he threatened judges and members of the Attorney General staff. (*Id.*) Plaintiff also claims that he was transferred in retaliation for seeking discovery in another legal action. (*Id.* at 7-8.) Additionally, Plaintiff alleges that upon his arrival at ESP, a Security Threat Group (STG) file was erroneously opened on him. (*Id.* at 9.) Lastly, Plaintiff alleges that his file contains incorrect information regarding his propensity for violence that has been used to justify custody, classification, and parole decisions. (*Id.* at 9-10.)

In Count II, Plaintiff alleges that Defendants have denied him access to the courts in violation of the First Amendment by tampering with his mail. (*Id.* at 11-15.) Plaintiff contends that Defendants' conduct is also in violation of 18 U.S.C. §§ 1701-1703. (*Id.*)

In Count III, Plaintiff alleges that Defendants have engaged in an unlawful conspiracy under 42 U.S.C. § 1985. (*Id.* at 16.) Plaintiff claims Defendants have conspired to tamper with his mail, keep erroneous information in his file, and deprive him of due process (*Id.* at 16-19.)

In Count IV, Plaintiff claims that Defendants retaliated against him in violation of the First Amendment by transferring him from LCC to ESP after he filed a grievance. (*Id.* at 20-21.)

In Count V, Plaintiff claims that Defendants denied him due process in violation of the Fourteenth Amendment by placing him indefinitely in administrative segregation. (*Id.* at 22.) Plaintiff also claims he was harassed in the shower by a corrections officer. (*Id.*)

In Count VI, Plaintiff alleges that Defendants violated his First Amendment right to freedom of expression by transferring him to ESP for his seeking discovery. (*Id.* at 23.)

## II. LEGAL STANDARD

"A dismissal under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law."

*North Star Int'l v. Ariz. Corp. Comm.,* 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). At minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but it must contain more than "a formulaic recitation of the elements of a cause of action." *Id.* at 1965. The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 1964 (internal quotations and citation omitted). The "plausibility standard" does not impose a "probability requirement," rather, it requires a complaint to contain "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in a light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996) (citation omitted). However, this tenet is "inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* A court should assume the veracity of well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (citations, brackets, and quotation omitted). Thus, a complaint may be dismissed as a matter of law for, "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smilecare Dental Group v. Delta Dental Plan,* 88 F.3d 780, 783 (9th

1 Cir 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984)).

A *pro se* plaintiff's complaint must be construed liberally and can only be dismissed where it appears certain that the plaintiff would not be entitled to relief. *Ortez v. Washington County, State of Or.,* 88 F.3d 804, 807 (9th Cir. 1996). Although allegations of a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by a lawyer, *Haines v. Kerner*, 404 U.S. 519 (1972), sweeping conclusory allegations will not suffice. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

## III. DISCUSSION

Plaintiff's specific allegations as to Defendant English are difficult to decipher from his complaint. Plaintiff names English as a defendant and claims she is the "individual who put data in PSI and Agency CPS." (Pl.'s Compl. 5.) However, Plaintiff does not identify Defendant English by name in any of the counts enumerated in his complaint. Construing Plaintiff's complaint liberally, it appears Plaintiff refers to Defendant English when he alleges that he is "facing Indef-Adseg and it's predicated on the erroneous data in my NDOC I-file authored by CPS, CCDC, and PNP and they refuse to correct it." (*Id.* at 6.) Additionally, as a component of Count I, Plaintiff claims he is entitled to declaratory and injunctive relief "for any lie [defendants] told or considered affecting [his] custody and classification." (*Id.* at 10.) In Count III, Plaintiff states that "[p]art of the conspiracy is targeted at keeping [his] records erroneous to keep [him] in prison...." (*Id.* at 16.) The court construes Plaintiff's complaint as alleging that Defendant English violated his constitutional rights by authoring inaccurate information in investigative reports used in determining Plaintiff's sentence.

Defendant English argues that she is entitled to absolute immunity from Plaintiff's claims. (Def.'s Mot. to Dismiss 5 (Doc. #92).) First, Defendant English contends that she is immune from suit pursuant to the common law immunity granted to social workers performing investigative functions. (*Id.* at 5.) "[S]ocial workers have absolute immunity when they make 'discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take

4

1 custody away from parents.'" *Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008) (en banc) (per curiam) (quoting *Miller v. Gammie*, 335 F.3d 889, 896 (9th Cir. 2003) (en banc)); *see also Meyers v. Contra Costa County Dep't of Soc. Servs.*, 812 F.2d 1154, 1157 (9th Cir. 1987) . "To the extent, however, that social workers also make discretionary decisions and recommendations that are not functionally similar to prosecutorial or judicial functions, only qualified, not absolute immunity, is available." *Miller*, 335 F.3d at 898. Specifically, social workers "are not entitled to absolute immunity from claims that they fabricated evidence during an investigation...." *Beltran*, 514 F.3d at 908. Defendant English is a social worker investigator for the Child Protective Services (CPS). (*Id.* at 2.) Plaintiff alleges that Defendant English authored erroneous information in his pre-sentence investigation (PSI) file. (Pl.'s Compl. 5-6.) Because Plaintiff claims that Defendant English inserted falsities into his file while performing an investigatory function, common law absolute immunity is unavailable to Defendant English.

Second, Defendant English argues she is entitled to absolute immunity for the performance or nonperformance of discretionary functions pursuant to NRS § 41.032(2). (Def.'s Mot. to Dismiss 8.) NRS 41.032 provides, in part:

> [N]o action may be brought . . . against an immune contractor or an officer or employee of the state or any of its agencies or political subdivisions which is:
>
> . . .
>
> 2. Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the state or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.

Although state immunity is a defense to state law claims, it is not a defense to an action under § 1983. *Martinez v. California*, 444 U.S. 277, 284 n.8(1980) (state immunity doctrines may not limit or defeat liability in § 1983 actions)); *accord Felder v. Casey*, 487 U.S. 131, 139 (1988) ("[A] state law that immunizes government conduct otherwise subject to suit under § 1983 is

5

1 preempted, even where the federal civil rights litigation takes place in state court, because the
2 application of the state immunity law would thwart the congressional remedy, which of course
3 already provides certain immunities for state officials." (citation omitted)). Therefore, the
4 immunity conferred on state actors is inapplicable to Defendant English in this § 1983 action.

5 Within his motion styled as "Motion for Judicial Notice of Error with Leave to
6 Supplement Opposition to Motion to Dismiss," Plaintiff moves to dismiss Defendant English
7 without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). (Pl.'s Mot. for Judicial
8 Notice 4 (Doc. #105).) Defendant English argues in response that the court should dismiss her
9 from this action with prejudice based on the arguments presented in her motion to dismiss.
10 (Def.'s Resp. 2 (Doc. #106).) As discussed above, neither of Defendant English's immunity
11 arguments entitle her to dismissal with prejudice. Thus, the court will address Plaintiff's
12 contention that Defendant English should be dismissed without prejudice under the *Heck*
13 doctrine.

14 On several occasions, the Supreme Court has held that a prisoner in state custody cannot
15 use a § 1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*,
16 411 U.S. 475, 489 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v.*
17 *Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Instead,
18 a prisoner must seek relief via federal habeas corpus or appropriate state relief. *Wilkinson v.*
19 *Dotson*, 544 U.S. 74, 78 (2005). The Supreme Court held in *Heck* held that in order to recover
20 damages for an allegedly unconstitutional conviction or imprisonment, or for other harm
21 caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff
22 asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been
23 reversed or declared invalid. *Heck*, 512 U.S. at 486-87. Although *Heck* itself only bars suits
24 for damages, its holding has been extended to bar § 1983 suits irrespective of whether the
25 plaintiff seeks monetary damages or equitable relief. *Wilkinson,* 544 U.S. at 81 (2005). Thus,
26 "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief
27 sought (damages or equitable relief) ... if success in that action would necessarily demonstrate

28

the invalidity of confinement or its duration." *Id.* at 81-82.

Although Plaintiff's allegations in relation to Defendant English are vague, the court finds that Plaintiff's complaint implicates the validity and duration of his current confinement. Plaintiff alleges that Defendant English included false information in her PSI. (Pl.'s Mot. for Judicial Notice 2.) Plaintiff claims that this content affects his custody and has been used to keep him in prison. (Pl.'s Compl. 10, 16.) Thus, Plaintiff is challenging the fact and duration of his confinement. Plaintiff has not indicated that his prior conviction has been overturned or otherwise invalidated. Accordingly, a writ of habeas corpus is Plaintiff's sole remedy in federal court, which may be pursued only after exhausting all of his constitutional claims in state court, and Defendant English should be dismissed without prejudice pursuant to the *Heck* doctrine. *Wilkinson*, 544 U.S. at 81-82.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Defendant English's Motion to Dismiss (Doc. #92).

**IT IS FURTHER RECOMMENDED** that the District Judge enter an Order **GRANTING** Plaintiff's "Motion for Judicial Notice of Error with Leave to Supplement Opposition to Motion to Dismiss" by dismissing Defendant English without prejudice (Doc. #105).

**IT IS FURTHER RECOMMENDED** that the District Judge enter an Order **DENYING AS MOOT** Plaintiff's Motion for Summary Judgment Against Defendant Kechia English (Doc. #98).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

7

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: January 6, 2010.

_____
UNITED STATES MAGISTRATE JUDGE